UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OLUWASHOLA OLANIYI AJAYI, <br><br> *Plaintiff*, <br><br> v. <br><br> DISTRICT OF COLUMBIA, *et al.*, <br><br> *Defendants*. | Civil Action No. 20-cv-01019 (TJK) |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT ORDER TO VACATE ENTRY OF DEFAULT BY CLERK

Defendants Mayor Muriel Bowser, MPD Chief Peter Newsham, Investigating Officer Roy Melvin, the District of Columbia Metropolitan Police Department (MPD), and the District of Columbia (the District) oppose Plaintiff Oluwashola Olaniyi Ajayi's Motion to Alter or Amend Judgment Order to Vacate Entry of Default by Clerk [51].

### INTRODUCTION

Ajayi's request that the Court alter or amend its Order [40] vacating the Clerk's entry of default should be summarily denied. *First,* the Court's Order is interlocutory, not a final decision, and thus improper under Fed. R. Civ. P. 59(e). *Second,* even if Ajayi could obtain relief under Rule 59(e), the motion is untimely. *Finally,* justice does not require reconsideration here because the Court did not err in vacating the Clerk's entry of default.

### FACTS

Ajayi sued these Defendants under 42 U.S.C. § 1983 for allegedly violating his rights under the Fourth and Fifth Amendments, the D.C. Unjust Imprisonment Act of 1980, and District of Columbia common law. *See* Compl. [1]. Summons were issued for (1) Mayor Muriel Bowser

at 441 4th Street, NW; (2) Investigating Officer Roy Melvin at 1805 Bladensburg Road, NE; (3) Chief Peter Newsham, Investigating Officer Roy Melvin and the Metropolitan Police Department [MPD] at 300 Indiana Ave., NW, and (4) the U.S. Attorney General at 950 Pennsylvania Ave., NW.  [5].  On July 1, 2020, Ajayi filed Return of Service/Affidavit for Summons and Complaint executed on United States Attorney General, who is not a party to this case.  *See* Return of Service/Affidavit [6]; Compl. [1].  On July 6, 2020, Ajayi filed Return of Service/Affidavit of Summons and Complaint for execution of service on Investigating Officer Melvin on June 27, 2020, at 1805 Bladensburg Road, NE.  Return of Service/Affidavit [7].  Investigating Officer Melvin did not sign the return of service, nor did he work at 1805 Bladensburg Road, NE on June 27, 2020.  *Id. See also* Decl. [25-1].  On July 13, 2020, Ajayi filed Return of Service/Affidavit of Summons and Complaint for execution of service on Chief Peter Newsham on June 25, 2020.  Return of Service/Affidavit [8].  Chief Newsham did not sign the return of service.  *Id.*

On July 30, 2020, Ajayi filed an affidavit for default and default judgment.  *See* Affidavit for Default and Default Judgment [9].  On August 7, 2020, Ajayi filed a Return of Service/Affidavit of Summons and Complaint for execution as to the District of Columbia Attorney General at 555 4th Street, NW on June 12, 2020 and a Return of Service/Affidavit of Summons and Complaint for execution on the Mayor of the District of Columbia at 441 4th Street, NW on June 9, 2020.  *See* Return of Service/Affidavit [10].  Ajayi directed the summons and complaints to the wrong locations.  [5].  And Defendants did not sign the return of service nor was the person who signed it authorized to do so.  *See* [6, 7, 8, 10].  On September 13, 2020, the Clerk entered a default against Defendants.  Entry of Default [18].

On November 16, 2020, Defendants filed a motion for leave to respond to Ajayi's Complaint. *See* Defs.' Mot. for Leave to File Response to Pl.'s Complaint [36]. On December 7, 2020, the Court vacated the Entry of Default [18] as to all Defendants and ordered that Defendants' Motion to Dismiss be docketed. *See* Order [40]. The Court also denied Ajayi's Motion for Default Judgment [20] and Plaintiff's Amended Motion for Default Judgment [29] as moot. *Id.* On January 28, 2021, Ajayi filed a Motion for Reconsideration [51], docketed on February 1, 2021, which Defendants now oppose.

## STANDARD OF REVIEW

Fed. R. Civ. P. 59(e) governs judgments (final decisions), not interlocutory orders. And this Rule "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment. *See* Fed. R. Civ. P. 59(e); *Exxon Shipping Co. v. Baker,* 554 U.S. 471, 486 n. 5 (2008) (citation omitted). A motion under Rule 59(e) must be filed "no later than 28 days after entry of judgment." Fed. R. Civ. P. 59(e).

But a district court may revise its own interlocutory decisions under Fed. R. Civ. P. 54 "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *accord Langevine v. District of Columbia*, 106 F.3d 1018, 1023 (D.C. Cir. 1997) ("Interlocutory orders are not subject to the law of the case doctrine and may always be reconsidered prior to final judgment."). Reconsideration of an interlocutory decision under Rule 54(b) is available "as justice requires." "In general, a court will grant a motion for reconsideration of an interlocutory order only when the movant demonstrates: '(1) an intervening change in law; (2) the discovery of new evidence not previously available; or (3) clear error in the first order.'" *Klayman v. Jud. Watch, Inc.*, 296 F. Supp. 3d 208, 213 (D.D.C. 2018) (quoting *Zeigler v. Potter*, 555 F. Supp. 2d 126, 129 (D.D.C. 2008)). Or the Court may

3

reconsider an interlocutory order where it "has patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning, but of apprehension [ . . . ]." *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004) (citation omitted).

## ARGUMENT

### I.     Ajayi Cannot Obtain Relief Under Fed. R. Civ. P. 59(e).

Fed. R. Civ. P. 59(e) does not apply to interlocutory orders. Instead, it governs judgments only. *See* Fed. R. Civ. P. 59(e); *see also Williams v. Savage*, 569 F. Supp. 2d 99, 108 (D.D.C. 2008) ("The standard for review of interlocutory decisions differs from the standards applied to final judgments under Federal Rules of Civil Procedure 59(e) and 60(b).")  "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Bundinich v. Becton Dickinson and Co.,* 486 U.S. 196, 199 (1988) (quoting *Catlin v. United States,* 324 U.S. 229, 233 (1945)). Because the Court's Order [40] did not end this litigation, it is not a judgment or final decision and Ajayi cannot obtain relief under Rule 59(e).

And even if Rule 59(e) applied, Ajayi's filing under Rule 59(e) is untimely. A motion for reconsideration under Rule 59(e) must be filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Here, the Court entered its Order on December 7, 2020. *See* Order [40]. Thus, if the Order was a final judgment—which it is not—Ajayi needed to file his motion no later than Monday, January 4, 2021. But Ajayi moved for reconsideration on January 28, 2021, 52 days after the Court issued its Order [40]. *See* Ct. Dkt. As a result, Ajayi's motion is not only inappropriate under Rule 59(e), but also untimely.

## II.   Justice Does Not Require Reconsideration of Order [40] Vacating the Entry of Default.

Fed. R. Civ. P. 54(b) is the standard for reconsideration of interlocutory orders like Order [40]. *See* Fed. R. Civ. P. 54(b); *see also Botvin ex rel. Ellis v. Islamic Republic of Iran*, 772 F. Supp. 2d 218, 223 (D.D.C. 2011) ("Orders denying default judgment under Fed. R. Civ. P. 55(b)(2) are not considered final appealable orders, and are thus interlocutory.") (internal quotation marks and citation omitted). A district court may revise an interlocutory decision, such as Order [40], "at any time before the entry of judgment adjudicating all claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Ajayi has failed to provide any showing of entitlement to relief under Rule 54(b). *See* Pl.'s Mot. Ajayi has not identified "(1) an intervening change in law; (2) the discovery of new evidence not previously available; or (3) clear error in the first order." *Klayman*, 296 F. Supp. 3d at 213 (quoting *Zeigler*, 555 F. Supp. 2d at 129). Absent this showing, Ajayi's motion for reconsideration fails. *Id.*

The Court found good cause supported setting aside the Entry of Default [18] because Ajayi failed to show proper service on any Defendant *before* the entry of default. *See* Order [40] (explaining Plaintiff's previous attempts of service were inadequate and vacating entry of default under Rule 55(c)); *see also* Return of Affidavits [5, 6, 7, 8, 25-1] (showing that Return of Service/Affidavits were defective). "In the absence of proof that the individual defendants were properly served with process, no basis exists for entering defaults and granting plaintiff's motion for default judgment." Order [40] (citing *Geter v. Horning Bros. Mgmt.*, 502 F. Supp. 2d 69, 70 (D.D.C. 2007)). Ajayi asks the Court "to overturn the order to vacate the entry of default because it was erroneous, extremely prejudicial to the plaintiff . . . ." Pl.'s Mot. at 2. Ajayi's assertion that "Defendants Officer Roy Melvin and Police Chief Peter Newsham received notice of litigation on 6/25/2020 and 6/27/2020, conclusive evidence showed signed Forms 3811, by

5

both defendants" finds no support in the record and fails to show any error. *See* Return of Service/Affidavits [7-8]; Decl. [25-1].  In any case, providing notice is not equivalent to effectuating service. *See White v. CBS/Viacom*, 221 F.R.D. 1, 3 (D.D.C. 2004) ("While the purpose of service is to give a defendant notice of the claims against it, notice alone 'cannot cure an otherwise defective service.'") (citation omitted).  What is more, these arguments are the same ones Ajayi made before and the Court considered in its Order.  Ajayi has not even explained how the summonses were properly served when they were sent to the wrong addresses for service. *See* Pl.'s Mot.  Justice requires no reconsideration on Ajayi's baseless claims of "error."

Further, Ajayi cannot rely on *Whelan v. Abell*, 48 F.3d 1247, 1259 (D.C. Cir. 1995).  In *Whelan*, the Circuit Court held that it was an abuse of discretion to set aside a default judgment against one defendant after plaintiffs had completed a trial against two other co-defendants on the same claim. *Id.*  The Circuit Court reasoned that forcing plaintiffs to relitigate their entire claim a second time without any explanation of delay from the defaulting party favored reinstating the default. *Id.* at 1259-60.  By contrast, this case is in its infancy, the Clerk's entry of default was erroneous, and the Court has not entered default judgment against any Defendants. *See* Ct. Dkt.  Further Ajayi cannot show how he is prejudiced given his failure to properly serve any defendant.  On this record, justice does not require the Court's reconsideration of Order [40], and it should remain undisturbed.  Ajayi is not entitled to a default or default judgment against these Defendants.

## CONCLUSION

For these reasons, Ajayi's Motion to Alter Or Amend Judgment Order To Vacate Entry Of Default By Clerk [51] should be denied.

Date:  February 16, 2021                              Respectfully submitted,

                                                KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Patricia A. Oxendine*
PATRICIA A. OXENDINE
D.C. Bar No. 428132
Chief, Civil Litigation Division, Section I

*/s/ Katrina Seeman*
CHARLES J. COUGHLIN
D.C. Bar No. 1016993
KATRINA SEEMAN
D.C. Bar No. 1671729
Assistant Attorneys General
400 6th Street, NW
Washington, D.C.  20001
(202) 724-6608; (202) 724-6607 (direct);
(202) 730-1887; (202) 724-5917 (fax)
charles.coughlin@dc.gov; katrina.seeman@dc.gov

*Counsel for Defendants Mayor Muriel Bowser, MPD Chief Peter Newsham, Investigating Officer Roy Melvin, the District of Columbia Metropolitan Police Department (MPD) and the District of Columbia*

## CERTIFICATE OF SERVICE

I certify that on February 16, 2021, a copy of the foregoing Opposition to Plaintiff's Motion for to Alter or Amend Judgment Order to Vacate Entry of Default was sent by first class mail, postage prepaid, to:

Mr. Oluwashola Olaniyi Ajayi
R#452855
18601 Roxbury Road
Hagerstown, MD 21746

                                                */s/ Katrina Seeman*
KATRINA SEEMAN
Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OLUWASHOLA OLANIYI AJAYI,<br><br>*Plaintiff*,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>*Defendants*. | Civil Action No. 20-cv-01019 (TJK) |

**ORDER**

Upon consideration of Plaintiff Oluwashola Olaniyi Ajayi's Motion to Alter or Amend Judgment Order To Vacate Entry Of Default By Clerk [51], Defendants District of Columbia, Mayor Muriel Bowser, MPD Chief Peter Newsham, Investigating Officer Roy Melvin, and the District of Columbia Metropolitan Police Department's Opposition, and the record, it is this __ day of _____, 2021,

**ORDERED** that Ajayi's motion is denied for the reasons set forth in Defendants' opposition; and it is,

**SO ORDERED.**

_____
Judge Timothy J. Kelly
U.S. District Court for the District of Columbia

Copy to:

Mr. Oluwashola Olaniyi Ajayi, R#452855
18601 Roxbury Road
Hagerstown, MD 21746